UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HIGHGATE HOUSE, LLC,

        Plaintiff,

v.                                    **ANSWER**

MICHELEX CORPORATION,                 Case No. 07-CV- 6417

        Defendant.            **Hon. Barbara S. Jones, U.S.D.J.**
-------------------------------------------------------X

      Defendant Michelex Corporation ("Michelex"), by its attorneys Lippman, Krasnow & Kelton, LLP, as and for its answer to the Plaintiff's Complaint herein, states and alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraphs 1 and 3 of Plaintiff's Complaint.

      2.    Denies each and every allegation set forth in paragraph 2 of Plaintiff's Complaint, except admits there exists a document entitled "Secured Convertible Debenture" and begs leave upon the trial of this action to refer to said document for all of its terms and conditions.

      3.    Denies each and every allegation set forth in paragraph 4 of Plaintiff's Complaint, except admits that Michelex is a Utah corporation.

      4.    Denies each and every allegation set forth in paragraphs 5, 8, 13, 15, 18, 19, 26, 27 and 28 of Plaintiff's Complaint.

      5.    Admits the allegations set forth in paragraphs 6 and 7 of Plaintiff's Complaint.

      6.    Denies each and every allegation set forth in paragraphs 9, 10 and 11 of

Plaintiff's Complaint, except admits that a copy of a document purporting to be a "Convertible Debenture Purchase Agreement" is attached to Plaintiff's Complaint, and begs leave upon the trial of this action to refer to said document for all of its terms and conditions.

7. Admits so much of paragraph 12 of Plaintiff's Complaint as alleges that Michelex did not pay all amounts due on the Debenture on or prior to the maturity date, but specifically denies that Michelex is legally obligated to pay such sums to Plaintiff.

8. Denies each and every allegation set forth in paragraphs 14, 16, 17, 20, 21, 22, 23 and 24 of Plaintiff's Complaint, but admits that copies of certain documents are attached as exhibits to Plaintiff's Complaint, and begs leave upon the trial of this action to refer to said documents for all of their terms and conditions.

9. In response to paragraph 25 of Plaintiff's Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1 through 24 of Plaintiff's Complaint with the same force and effect as if set forth herein at length.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The Southern District of New York is not a proper venue for an action between these parties.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. The Southern District of New York is not a convenient forum for the within action between these parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. There is no basis for this Court to assert personal jurisdiction over Defendant Michelex so that the Court lacks jurisdiction over this defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to properly serve Defendant Michelex with the Summons and Complaint pursuant to applicable law and therefore has not obtained personal jurisdiction over this defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim upon which relief may be granted against this Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. The claims set forth in Plaintiff's Complaint are barred by the applicable statute of frauds.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. The claims set forth in Plaintiff's Complaint are barred by the parol evidence rule.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. The claims set forth in Plaintiff's Complaint are barred by illegality.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. Upon information and belief, Plaintiff failed to submit to the stock transfer Agent, Colonial Stock Transfer, documents apprising the stock transfer agent that Michelex had given **its irrevocable authorization and direction to the stock transfer agent to issue conversion shares upon receipt of the notice of conversion.**

Collectively annexed hereto as Exhibit "A", is a copy of Michelex's Irrevocable Transfer Agent Instructions dated December 30, 2004, executed by its president, Ginette Gramuglia; the Form of Conversion Notice (Exhibit "1" to Irrevocable Transfer Agent Instructions); the Notice of Conversion at the Election of the Holder (Appendix "1"); and the Directors Unanimous Consent Resolution.

19.    Upon information and belief, Plaintiff's failure to submit to the stock transfer agent Michelex's Irrevocable Transfer Agent Instructions, effectively made the stock transfer request "voluntary", rather than irrevocable, so that the stock transfer agent was not compelled to effectuate the transfer.

20.    Submission of Michelex's proper Irrevocable Transfer Agent Instructions was a condition precedent to the collection of the balance of the debt owing under the Debenture.

21.    By reason of the foregoing, Plaintiff has failed to satisfy a condition precedent to the claim set forth in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22.    Plaintiff has no presently justiciable breach of contract claim for a debt due to be paid until it has satisfied the condition precedent to the stock conversion remedy it elected, by giving proper notice to the stock transfer agent that Michelex has given its irrevocable authorization and direction to the stock transfer agent to issue the conversion shares to Plaintiff upon service of Plaintiff's Notice of Conversion.

23.    As Plaintiff has irrevocably elected to convert the Debenture into shares of stock, Plaintiff's only remedy at this time is to re-serve the stock transfer agent with the proper notice, thereby compelling the stock transfer agent to effectuate the conversion of

the alleged debt to stock ownership in Michelex. Upon doing so, the debt will be extinguished and Plaintiff will have no lawful basis for bringing the within claim.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. Defendant repeats and realleges each and every allegation set forth in paragraphs 18, 19, 20, 22 and 23, with the same force and effect as if set forth herein at length.

25. By virtue of Michelex's Irrevocable Transfer Agent Instructions (Exhibit "A"), Michelex, at all times, lacked the legal authority to halt a conversion of the shares of stock to Plaintiff.

26. By reason of the foregoing, Michelex has a complete defense based upon documentary evidence.

**WHEREFORE**, Defendant Michelex Corporation demands judgment dismissing the Complaint in its entirety, together with costs and disbursements incurred of this action.

Dated: New York, New York
       August 2, 2007

                                        Yours, etc.

                                        LIPPMAN, KRASNOW & KELTON LLP

                                        BY: _____
                                              MICHAEL S. KELTON  (MK4636)

                                        Co-Counsel with Melvin & Melvin, PLLC
                                        Attorneys for Defendant Michelex Corporation
                                        380 Lexington Avenue – Suite 3620
                                        New York, New York  10168
                                        Tel: (212) 370-6940

                                              -AND-

        MELVIN & MELVIN, PLLC
Co-Counsel with Lippman, Krasnow & Kelton LLP
Attorneys for Defendant Michelex Corporation
217 South Salina Street
Seventh Floor
Syracuse, New York 13202
Tel: (315) 422-1311

TO:   DLA PIPER US LLP
Attention: Camilo Cardozo, Esq.
Attorneys for Plaintiff Highgate House, LLC
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335- 4500

    -AND-

DLA PIPER US LLP
Attention: Perrie M. Weiner, Esq.
Attention: Robert D. Weber, Esq.
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel: (310) 595-3000

Case 1:07-cv-06417-BSJ   Document 5   Filed 08/02/2007   Page 7 of 16

Exhibit A

**EXHIBIT 6.1(I)**

**IRREVOCABLE TRANSFER AGENT INSTRUCTIONS**

December 30, 2004

Colonial Stock Transfer
66 Exchange Place
Salt Lake City, Utah 84111
Attention: Kathy Carter

    **RE:   MICHELEX CORPORATION**

Ladies and Gentlemen:

Reference is made to (i) that certain Convertible Debenture Purchase Agreement (the "Purchase Agreement"), dated the date hereof, by and between Hindsight Records, Inc. ("PRCO"), a California corporation and a wholly owned subsidiary of Michelex Corporation, a corporation organized under the laws of Utah (the "Company"), and Purchaser set forth on Schedule I attached thereto (the "Purchaser"), pursuant to which PRCO sold to the Purchaser One Million Dollars ($1,000,000) of PRCO's convertible debentures, which are convertible into shares of the Company's common stock, par value $0.001 per share (the "Common Stock"). The shares of Common Stock to be converted under the Purchase Agreement plus interest which may be converted into Common Stock are referred to herein as the "Conversion Shares." This letter shall serve as our irrevocable authorization and direction to you (provided that you are the transfer agent of the Company at such time) to issue the Conversion Shares in shares of the Company's Common Stock to the Purchaser from time to time upon surrender to you of a properly completed and duly executed Notice of Conversion, in the form attached hereto as Exhibit I, delivered on behalf of the Company by Adam S. Gottbetter, Esq.

Specifically, upon receipt by the Company or Adam S. Gottbetter, Esq. of a copy of a Notice of Conversion, Adam S. Gottbetter, Esq., on behalf of the Company, shall as soon as practicable, but in no event later than one (1) Trading Day (as defined below) after receipt of such Notice of Conversion, send, via facsimile, a Notice of Conversion, which shall constitute an irrevocable instruction to you to process such Notice of Conversion, in accordance with the terms of these instructions. Upon your receipt of a copy of the executed Notice of Conversion, you shall use your best efforts to, within three (3) Trading Days following the date of receipt of the Notice of Conversion, (A) issue and surrender to a common carrier for overnight delivery to the address as specified in the Notice of Conversion, a certificate, registered in the name of the Purchaser or its designee, for the number of shares of Common Stock to which the Purchaser shall be entitled as set forth in the Notice of Conversion or (B) provided you are participating in The Depository Trust Company ("DTC") Fast Automated Securities Transfer Program, upon the request of the Purchaser, credit such aggregate number of shares of Common Stock to which the Purchaser shall be entitled to the Purchaser's or its designee's balance account with DTC through its

Deposit Withdrawal At Custodian ("DWAC") system provided the Purchaser causes its bank or broker to initiate the DWAC transaction. "Trading Day" shall mean any day on which the Nasdaq Market is open for customary trading.

The Company hereby confirms to you and the Purchaser that certificates representing the Conversion Shares shall not bear any legend restricting transfer of the Conversion Shares thereby and should not be subject to any stop-transfer restrictions and shall otherwise be freely transferable on the books and records of the Company. The Company hereby confirms and Colonial Stock Transfer (the "Transfer Agent") has accepted an opinion of Hand & Hand, in the form attached to the Merger Agreement as Exhibit 6.2(c). The Company hereby confirms to you and the Purchaser that no instructions other than as contemplated herein will be given to you by the Company with respect to the Conversion Shares. The Company hereby agrees that it shall not replace the Transfer Agent as the Company's transfer agent without the prior written consent of the Purchaser.

Any attempt by you to resign as transfer agent hereunder shall not be effective until such time as the Company provides to you written notice that a suitable replacement has agreed to serve as transfer agent and to be bound by the terms and conditions of these Irrevocable Transfer Agent Instructions.

The Company and the Transfer Agent hereby acknowledge and confirm that complying with the terms of this Irrevocable Transfer Agent Instructions does not and shall not prohibit the Transfer Agent from satisfying any and all fiduciary responsibilities and duties it may owe to the Company.

The Company and the Transfer Agent acknowledge that the Purchaser is relying on the representations and covenants made by the Company and the Transfer Agent hereunder and are a material inducement to the Purchaser purchasing convertible debentures under the Purchase Agreement. The Company and the Transfer Agent further acknowledge that without such representations and covenants of the Company and the Transfer Agent made hereunder, the Purchaser would not enter into the Purchase Agreement and purchase convertible debentures pursuant thereto.

Each party hereto specifically acknowledges and agrees that in the event of a breach or threatened breach by a party hereto of any provision hereof, the Purchaser will be irreparably damaged and that damages at law would be an inadequate remedy if these Irrevocable Transfer Agent Instructions were not specifically enforced. Therefore, in the event of a breach or threatened breach by a party hereto, including, without limitation, the attempted termination of the agency relationship created by this instrument, the Purchaser shall be entitled, in addition to all other rights or remedies, to an injunction restraining such breach, without being required to show any actual damage or to post any bond or other security, and/or to a decree for specific performance of the provisions of these Irrevocable Transfer Agent Instructions.

*  *  *  *  *

IN WITNESS WHEREOF, the parties have caused this letter agreement regarding Irrevocable Transfer Agent Instructions to be duly executed and delivered as of the date first written above.

**COMPANY:**

**MICHELEX CORPORATION**

By: *[signature]*
Name: Ginette Granmiglia
Title: President

_____
Adam S. Gottbetter, Esq.

**STOCK TRANSFER AGENT:**

**COLONIAL STOCK TRANSFER**
By: *[signature]*
Name: KATHY CARTER
Title: PRESIDENT

## EXHIBIT I

## TO IRREVOCABLE TRANSFER AGENT INSTRUCTIONS

## FORM OF CONVERSION NOTICE

Reference is made to the Convertible Debenture Purchase Agreement (the "Convertible Debenture Purchase Agreement") between Hindsight Records, Inc., a wholly owned subsidiary of MicheleX Corporation, (the "Company"), and Highgate House, LLC, dated December 30, 2004. In accordance with and pursuant to the Convertible Debenture Purchase Agreement, the undersigned hereby elects to convert convertible debentures into shares of common stock, par value $0.001 per share (the "Common Stock") of the Company for the amount indicated below as of the date specified below.

| | |
|---|---|
| Conversion Date: | January 18, 2005 |
| Amount to be converted: | $500.00 |
| Conversion Price: | $0.001 |
| Shares of Common Stock Issuable: | 500,000 |
| Amount of Debenture Unconverted: | $ 1000.00 |
| Amount of Interest Converted: | $ 0.26 |
| Conversion Price of Interest: | $0.001 |
| Shares of Common Stock Issuable: | 260 |
| Amount of Liquidated Damages: | $ N/A |
| Conversion Price of Liquidated Damages: | $ N/A |
| Shares of Common Stock Issuable: | N/A |
| Total Number of shares of Common Stock to be issued: | 500,260 |

**APPENDIX I**

**NOTICE OF CONVERSION
AT THE ELECTION OF THE HOLDER**

(To be Executed by the Registered Holder
in order to Convert the Debentures)

Except as provided by Section 4(b) of the Debentures, the undersigned hereby irrevocably elects to convert the attached Debenture into shares of Common Stock, par value $100.00 per share (the "Common Stock"), of Hindsight Records, Inc. (the "Company"), or, if a Merger (as defined in the Debenture) has occurred, into shares of MP Common Stock (as defined in the Debenture) according to the provisions hereof, as of the date written below. If shares are to be issued in the name of a person other than undersigned, the undersigned will pay all transfer taxes payable with respect thereto and is delivering herewith such certificates and opinions as reasonably requested by the Company in accordance therewith. No other fees will be charged to the Holder, except for transfer taxes, if any.

Conversion calculations:

<u>January 18, 2005</u>
Date to Effect Conversion

<u>$500.00</u>
Principal Amount of Debentures to be Converted

<u>$0.26</u>
Interest to be Converted or Paid

<u>$0.001</u>
Applicable Conversion Price (Pursuant to Section 4(c)(v))

<u>500,269</u>
Number of Shares to be Issued Upon Conversion

<u>[signature]</u>
Signature

<u>Adam S. Gottbetter</u>
Name
488 Madison Avenue, 12th Floor
<u>New York, NY 10022</u>
Address

{00073356.4 / 0851-001}

A2-15

Please issue the shares of Common Stock in the following name and to the following address:

| | |
|---|---|
| Issue to: | Highgate House, LDC |
| Authorized Signature: | /s/ Adam S. Gottbetter |
| Name: | Adam S. Gottbetter |
| Title: | Authorized Signatory |
| Phone #: | 212-400-4900 |
| Broker DTC Participant Code: | 0632 |
| Account Number*: | 56973253 |

* Note that receiving broker must initiate transaction on DWAC System.

### DIRECTORS UNANIMOUS CONSENT RESOLUTION

RESOLVED, Michelex Corporation acknowledges that Colonial Stock Transfer Co, Inc., "CST", is relying on an opinion of counsel from Hand & Hand, which opinion might differ from counsel to CST, therefore, it is

FURTHER RESOLVED, Michelex Corporation and its directors agree to indemnify CST and their directors, counsel and employees, and to hold each of them harmless from and against any and all losses, costs, liabilities and expenses that may be incurred or arise as a direct or indirect result of the issuance of Michelex Corporation's requested issuance of shares without a 144 restrictive legend or the transfer of said shares, including, but not limited to, any losses, costs, liabilities and expenses that may arise if said shares are transferred in violation of any state or federal securities laws.

The foregoing resolution shall be deemed effective as of the 6th day of January, 2005.

_[signatures]_

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

I, Denise Buda, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at East Rockaway, New York.

On August 2, 2007, I served the within Answer, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

> DLA PIPER US LLP
> 1251 Avenue of the Americas
> New York, New York 10020
>
> DLA PIPER US LLP
> 1999 Avenue of the Stars
> Los Angeles, California 90067

_____
DENISE BUDA

Sworn to before me this
2nd day of August, 2007

_____
Notary Public

MICHAEL S. KELTON
Notary Public, State of New York
No. 02KE4668920
Qualified in New York County
Commission Expires Sept. 30, 20_10_

Case No.: 07-CV-6417

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HIGHGATE HOUSE, LLC,

        Plaintiff,

-against-

MICHELEX CORPORATION,

        Defendant.

---

## ANSWER

---

**LIPPMAN KRASNOW & KELTON LLP,**
Attorneys for Defendant
380 Lexington Avenue - Suite 3620
New York, New York 10168
(212) 370-6940

| To | Signature (Rule 130-1.1.-a) |
|---|---|
|  | MICHAEL S. KELTON (MK4636) |
| Attorney(s) for |  |
|  | Service of a copy of the within is hereby admitted. |
|  | Dated: |

---

PLEASE TAKE NOTICE:
☐ Notice of Entry
that the within is a (certified) true copy of a(n)
duly entered in the office of the clerk of the within named court on
☐ Notice of Settlement
that an order/judgment      of which the within is a true copy will be presented for
settlement to the HON.      one of the judges
of the within named court, at
on     at     M.

Dated:

        Yours, etc.
        **LIPPMAN KRASNOW & KELTON LLP**