Perrie M. Weiner (admitted *pro hac vice*)
Robert D. Weber (admitted *pro hac vice*)
DLA PIPER US LLP
1999 Avenue of the Stars
Los Angeles, California 90067
(310) 595-3000

Caryn Schechtman
Rachel Gupta
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

Attorneys for Plaintiff Highgate House, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HIGHGATE HOUSE, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHELEX CORPORATION,<br><br>　　　　　Defendant. | No. 07 Civ. 6417 (BSJ)(FM)<br><br>**JOINT STIPULATED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPROVAL OF SETTLEMENT**<br><br>Date: August 28, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 18b |

---

Pursuant to Section 3(a)(10) of the Securities Act of 1933 ("the 1933 Act"), 15 U.S.C. §77c(a)(10), Plaintiff Highgate House, LLC ("**Highgate**") and Defendant Michelex Corporation ("**Michelex**") jointly submit this stipulated motion for an order and judgment finally approving the proposed Settlement of this action as fair under Section 3(a)(10) of the 1933 Act.

WEST\21455180.1

The hearing has been set for August 28, 2008, at 10:00 a.m. in the Courtroom of the Honorable Barbara S. Jones, United States District Court Judge, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. This joint motion is based on the following Memorandum of Points and Authorities, the Settlement Agreement and Release between the parties, and such additional evidence or argument as maybe presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### II. PRELIMINARY STATEMENT

Highgate initiated the current action by filing its complaint (the "Complaint") on July 16, 2007 in the U.S. District Court for the Southern District of New York. The lawsuit claims amounts due from Michelex to Highgate under the terms of a Secured Convertible Debenture. The Complaint alleges a single cause of action for breach of contract.

The parties entered an oral settlement on the record before Magistrate Judge Maas, executed a written settlement agreement and release on May 19, 2008, and later entered a minor written amendment to the settlement agreement. See Exhibit A (the "Settlement"). Under the terms of the Settlement, the parties have agreed to a full mutual release of claims and, in exchange, Michelex has agreed to deliver to Highgate common stock certificates of Michelex equal in value to $469,213.39, in monthly installments until the value due is paid in full.

For the reasons discussed herein, the parties and their respective counsel believe that the proposed Settlement is fair under Section 3(a)(10) of the 1933 Act. The compromise between Plaintiff and Defendant was the result of arm's-length negotiations and in both parties' views

reflects an optimal resolution of the settling parties' respective claims and defenses. The parties reached this conclusion based upon their investigation and analysis of the information obtained, the recognition of the risks of continued litigation, and understanding of Michelex's ability to satisfy any potential judgment. Thus, the parties request that the Settlement be approved as fair under Section 3(a)(10) of the 1933 Act.

### III. THE SETTLEMENT MEETS THE STANDARDS FOR APPROVAL UNDER SECTION 3(A)(10) OF THE 1933 ACT

Section 3(a)(1) of the 1933 Act exempts securities from registration when they are "issued in exchange for one or more bona fide outstanding securities, claims or property interests . . . where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court . . . ." 15 U.S.C. §77c(a)(10). "There is no statutory definition of 'fairness' as used in Section 3(a)(10) and there is no general guidance suggesting the criteria for the court to consider in determining the question of approval." *SEC v. Blinder Robinson & Co.*, 511 F. Supp. 799, 801 (D. Colo. 1981). However, one court has held that it "need only consider whether the notice and opportunity to be heard was adequate (and thus fair) and whether the terms and conditions of the settlement are fair." *Continental Assurance Co. v. Macleod-Stedman, Inc.*, 694 F. Supp. 449, 467 (N.D. Ill. 1988) (approving fairness of settlement between plaintiff note holder and defendant debtor). Factors relevant to the latter consideration include: "(1) the recommendations of counsel; (2) the scope of the discovery record as an indicator of the adequacy of the investigation into the facts; (3) the apparent alternatives to the settlement; (4) the nature and volume of responses from those receiving notice of the hearing; and (5) the

opportunity for direct participation in the process of obtaining full disclosure." *Continental Assurance Co. v. Macleod-Stedman, Inc.,* 694 F. Supp. at 468 (quoting *Blinder Robinson,* 511 F.Supp. at 801).

### A.  Plaintiff's Notice and Opportunity to be Heard was Adequate and Thus Fair.

Section 3(a)(10) requires that "all persons to whom it is proposed to issue securities in such exchange shall have the right to appear" at the fairness hearing. Notice of the hearing must "clearly advise the prospective recipients of the nature of the pending action, the terms of the settlement (including the fact that unregistered securities will be issued), the location of more detailed information about the litigation and settlement that is available for inspection, the date, time, and place of the fairness hearing, and the fact that they have a right to appear and object." *Continental Assurance Co.,* 694 F. Supp. at 467-468 (holding these requirements satisfied and "[e]specially in light of the sophisticated nature of the investors involved, the notice more than adequately advised the Noteholders of the nature of the action and the terms of the settlement").

The requirement of notice and an opportunity to be heard has been met. Plaintiff, a sophisticated investor, is the only entity to whom the Settlement proposes to issue securities. As a party to the Settlement, Plaintiff and its counsel actively negotiated the terms of the Settlement, and Plaintiff makes this Motion along with Defendant with full awareness that the fairness hearing will occur on August 28, 2008 at 10:00 a.m. before this Court, or on a later date to be specified by the Court, and that Plaintiff has the right to appear and be heard at that hearing.

B. **The Terms and Conditions of the Settlement are Fair.**

1. **The Parties' Respective Counsel Have Recommended Acceptance of the Stipulated Settlement.**

The proposed Settlement is the product of arm's length negotiations which took place over several months and it is the considered judgment of counsel for the parties that the Settlement is an optimal resolution of the litigation. *See Blinder Robinson & Co.,* 511 F. Supp. at 801 ("it is apparent that these attorneys have represented the interests of their clients aggressively throughout this case; that the settlement is the product of arms-length bargaining; and that their recommendation that this court accept this agreed resolution of the disputed issues results from their exercise of professional judgment as to what is in the best interests of those for whom they appeared"); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiation is entitled to considerable weight"). "When a settlement is achieved through arms-length negotiations between experienced counsel, the court should be hesitant to substitute its own judgment for that of counsel absent a showing of fraud, collusion or other forms of bad faith." *In re Xoma Corp. Sec. Litig.*, No. C-91-2252 TEH, 1992 U.S. Dist. LEXIS 10502, at *9 (N.D. Cal. July 10, 1992).

Counsel for both Plaintiff and Defendant are from law firms with an abundance of experience in securities litigation, and the negotiations between counsel occurred over the course of several months. In addition, the parties engaged in formal written discovery, and Plaintiff's counsel has reviewed SEC filings, press releases and articles concerning Michelex, and researched the claims and defenses asserted in this action. In light of the investigation and litigation to date, Plaintiff and its counsel were able to weigh the risks of continued litigation and came to an informed decision regarding the merits of a settlement at this stage of the case. Based

WEST\21455180.1

on these considerations, counsel for all parties respectfully submit that the Settlement is fair and should be approved by the Court.

### 2. The Settlement Appropriately Balances the Risks of Litigation and the Benefit to Highgate of a Certain Recovery.

The alternative to this Settlement is continued litigation. In light of the risks presented in establishing Michelex's liability and damages, and considering the risk that Michelex's financial condition could prevent a larger recovery, or any recovery at all, the parties believe that settlement under the proposed terms is preferable to continued litigation.

In assessing the merits of the Settlement, the parties' respective counsel considered the factual and legal questions that were disputed, including the issue of the scope of damages. Michelex believes that Highgate will have difficulty establishing liability because, Michelex contends, Highgate failed to take the steps required of it vis-à-vis the transfer agent needed to have shares issued pursuant to the Secured Convertible Debenture.

While Plaintiff's counsel did not concede any weaknesses in its claims asserted against Defendant and strongly believes its claims have merit, Plaintiff's counsel was aware of the risks inherent in continued litigation, including the risk that Defendant might possibly prevail on some defenses. Considering these risks, Plaintiff's counsel has determined that the compromise embodied in the Settlement is a fair and successful resolution.

        a.        **The Reported Financial Condition of Defendants Provided a Significant Risk for Limited Recovery or No Recovery at All.**

As part of its investigation into the facts, Plaintiff conducted a review of Defendant's financial condition set forth in public filings. Michelex's filings with the SEC over the past year reveal that Michelex's future as a going concern is uncertain.

In light of the above, Plaintiff believes that the Settlement was the best result that could be achieved under the circumstances. Settlement of this action will ensure a recovery for Plaintiff, eliminating the risk that, even if the matter were to proceed to trial and a judgment was obtained against Defendant, Plaintiff would be unable to enforce a final judgment against the Defendant, resulting in little or no recovery at all. Accordingly, the parties submit that, given the risks presented by Plaintiff's ability to recover from the Defendant, the proposed Settlement is fair and should be approved by the Court.

        3.        **The Settlement Consideration is Reasonable.**

The combined settlement consideration is worth $469,213.39. This Settlement consideration is a significant recovery for Plaintiff. Further, the settlement provides that Plaintiff will be provided with stock valued at $469,213.39, and the number of shares provided is variable depending upon the market price of the stock. This provision serves to protect Plaintiff against the risk that the price of Michelex's stock will decline and the settlement consideration will ultimately be worth far less than the parties contemplated under the Settlement.

## IV. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court approve the Stipulation of Settlement as fair under Section 3(a)(10) of the 1933 Act, and enter the proposed Order and Final Judgment submitted herewith.

Dated: August 18, 2008

DLA PIPER US LLP

By: *Rachel Gupta* (signature)
Rachel Gupta
Robert D. Weber
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 835-6000


By: _____
Thomas Gramuglia
President,
Michelex Corporation

WEST\21455180.1

IV. **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court approve the Stipulation of Settlement as fair under Section 3(a)(10) of the 1933 Act, and enter the proposed Order and Final Judgment submitted herewith.

Dated: August ___, 2008                    DLA PIPER US LLP

                                           By: _____
                                               Robert D. Weber
                                               DLA PIPER US LLP
                                               1999 Avenue of the Stars
                                               Los Angeles, California 90067
                                               Attorneys for Plaintiff Highgate House LLC


                                           By: _____
                                               Thomas Gramuglia
                                               President,
                                               Michelex Corporation

WEST\21455180.1